Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

FOR COURT USE ONLY

**FILED & ENTERED**

**JAN 04 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY wesley    DEPUTY CLERK**

☐ *Movant appearing without an attorney*
☐ *Attorney for Movant*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

Adli Law Group P.C.,

Debtor(s).

CASE NO.: 2:21-bk-18572-BB

CHAPTER: 11

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

**(Action in Nonbankruptcy Forum)**

DATE:           January 4, 2022
TIME:           10:00 AM
COURTROOM: 1539
PLACE:         255 E Temple St, Los Angeles, CA 90012

**MOVANT:** EVERGREEN MANOR II HOMEOWNERS ASSOCIATION, a Nonprofit mutual benefit corporation

1. The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action:
   *ADLI Law Group, et al. v. Evergreen Manor II Homeowners Association*

   Docket number: ADRS Case No. 21-6044-MFS

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: LASC, Stanley Mosk Courthouse and ADR Service Inc., LA County

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 1                    **F 4001-1.RFS.NONBK.ORDER**

3.   The Motion is granted under 11 U.S.C. § 362(d)(1).

4.   As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a.   ☒   Terminated as to the Debtor and the Debtor's bankruptcy estate **to the extent necessary to permit movant's counterclaims to be reduced to judgment at the same time as debtor's claims (enforcement shall remain stayed).**

   b.   ☐   Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c.   ☐   Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5.   **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a.   ☐   Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b.   ☐   Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6.   This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7.   ☐   The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8.   ☒   The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9.   ☐   This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10.  ☐   This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11.  ☒   Other (*specify*): **The rest of the Nonbankruptcy Action is not stayed and relief from stay has been granted as to the portion of the Nonbankruptcy Action that was stayed.**

### ###

Date:   01/04/2022

Sheri Bluebond
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 2                    **F 4001-1.RFS.NONBK.ORDER**