1 | **Lewis R. Landau** (CA Bar No. 143391)
**Attorney-at-Law**
2 | 22287 Mulholland Hwy., # 318
Calabasas, California 91302
3 | Voice & Fax: (888) 822-4340
*Email: Lew@Landaunet.com*
4 |
Attorney for Movant,
5 | NREA-TRC 700 LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| In re | Case No.: 2:21-bk-18572 BB |
|---|---|
| Adli Law Group, PC | Chapter 11 |
| | **REPLY IN SUPPORT OF MOTION TO REMOVE DEBTOR IN POSSESSION OR ALTERNATELY, CONVERT OR DISMISS CASE** |
| | **[11 U.S.C. §§ 1185(a), 1112(b)]** |
| Debtor. | |
| | Date:   February 9, 2022
Time:   10:00 a.m.
Place:  Courtroom 1539; Judge Bluebond
             United States Bankruptcy Court
             255 East Temple Street, 15th Floor
             Los Angeles, CA 90012 |

Creditor NREA-TRC 700 LLC ("NREA") herein replies to the objection [ECF # 136] ("Objection") filed by Adli Law Group PC ("Debtor") to NREA's motion to remove the debtor in possession or alternately convert to chapter 7 or dismiss the chapter 11 case of Adli Law Group PC pursuant to 11 U.S.C. §§ 1185(a) or 1112(b). NREA's reply is as follows:

−1−

1.  Debtor's Objection admits the serious errors in its books, records and financial reporting: "Ultimately, the Debtor's prepetition financial condition *cannot be truly understood until its new proposed financial advisors consider and complete their investigation and review*, and the Debtor has an opportunity to report those results to the Court and file amendments, as appropriate." Objection 3:7-10 (emphasis added).  This is a remarkable admission for a debtor that has been in a chapter 11 case for three months as of the February 9, 2022 hearing on NREA's motion.  Nothing can be more relevant to the creditors of this chapter 11 estate than to "truly understand" the Debtor's financial condition.

2.  Debtor's only answer to its prepetition incompetence and gross mismanagement in managing its financial affairs is to hire a new financial consultant, Armanino, LLP ("Armanino"), pursuant to the engagement agreement attached to the Objection as Exhibit 1.  While the Debtor admits that employing Armanino is a critical next step, for some unexplained reason, the Debtor has yet to file an employment application to hire Armanino.

3.  Debtor's inexplicable delay in filing an employment application for Armanino further delays Armanino's completion of its work.  Per the changes Debtor made on page 2 of the Armanino engagement agreement, Debtor will not pay Armanino its retainer until the Court grants its employment application.  Only then does Armanino get the first $15,000 half of its retainer requirement, with $15,000 to follow 15-days thereafter.

4.  Nowhere within Debtor's Objection does Debtor provide an estimate of time for completion of Armanino's work and the delay in filing Armanino's employment application creates further delays.  All of this suggests that Debtor's prepetition incompetence and gross mismanagement continues to this day because Debtor is not promptly moving to resolve its problems.

5.  Meanwhile, the Debtor has found time to continue pressing for Dr. Adli's insider compensation.  *See* ECF # 144.  Dr. Adli has also moved to extend the automatic stay to benefit himself and other individual attorneys in the firm in regard to the five (5) malpractice actions pending against the Debtor.  *See* ECF # 131.  These actions taken prior to filing an application to

employ Armanino confirm Dr. Adli's ***misplaced priorities*** for the Debtor and improper focus on his personal issues versus those of his creditors.

6. NREA believes that the question presented by its Motion is whether the Court should leave Dr. Adli in control of the Debtor for the next 60 to 90 days while the Debtor and Armanino perhaps complete an investigation and report on Debtor's financial affairs or whether the Subchapter V Trustee ("Trustee") should take control during this period to complete the task. Based on Debtor's performance to date, it is clear that the best interests of creditors are served by immediately removing Dr. Adli and allowing the Trustee to control the review of the Debtor's financial affairs so that creditors can reasonably move forward in this case.

7. For all these reasons, the Debtor should be removed as a debtor in possession or the case converted to chapter 7 or dismissed.

Dated: February 2, 2022

**Lewis R. Landau**
**Attorney at Law**

By:*/s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Movant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): _____
REPLY IN SUPPORT OF MOTION TO REMOVE DEBTOR IN POSSESSION OR ALTERNATELY, CONVERT OR
DISMISS CASE
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/02/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/02/2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Judge Bluebond, US Bankruptcy Court, 255 E Temple St., Suite 1534, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/02/2022 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                               **F 9013-3.1.PROOF.SERVICE**

**NEF Service List:**

Richard D Buckley on behalf of Interested Party Courtesy NEF richard.buckley@arentfox.com

Eryk R Escobar on behalf of U.S. Trustee United States Trustee (LA) eryk.r.escobar@usdoj.gov

Nicholas W Gebelt on behalf of Creditor Richard Taylor ngebelt@goodbye2debt.com

Mark S Horoupian on behalf of Creditor Jonathan Betuel mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Chi L Ip on behalf of Attorney Chi Ip filing@lawyer4property.com

Chi L Ip on behalf of Creditor Evergreen Manor II Homeowners Association, a nonprofit mutual benefit corporation filing@lawyer4property.com

Chi L Ip on behalf of Interested Party Courtesy NEF filing@lawyer4property.com

Gregory Kent Jones (TR) gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com

Karen King on behalf of Interested Party Courtesy NEF kking@offnerking.com

Lewis R Landau on behalf of Creditor NREA-TRC 700, LLC Lew@Landaunet.com

Lewis R Landau on behalf of Interested Party Courtesy NEF Lew@Landaunet.com

Anna Novruzyan on behalf of Debtor Adli Law Group P.C. anna.novruzyan@rmkb.com, calendar-lao@rmkb.com;agnes.tualla@rmkb.com;snthony.arriola@rmkb.com

Anna Novruzyan on behalf of Interested Party Dariush Adli anna.novruzyan@rmkb.com, calendar-lao@rmkb.com;agnes.tualla@rmkb.com;snthony.arriola@rmkb.com

Anna Novruzyan on behalf of Interested Party Drew Sherman anna.novruzyan@rmkb.com, calendar-lao@rmkb.com;agnes.tualla@rmkb.com;snthony.arriola@rmkb.com

Anna Novruzyan on behalf of Interested Party Jonathan Landis anna.novruzyan@rmkb.com, calendar-lao@rmkb.com;agnes.tualla@rmkb.com;snthony.arriola@rmkb.com

Anna Novruzyan on behalf of Interested Party Joshua Eichenstein anna.novruzyan@rmkb.com, calendar-lao@rmkb.com;agnes.tualla@rmkb.com;snthony.arriola@rmkb.com

Dean G Rallis, Jr on behalf of Debtor Adli Law Group P.C. drallis@hahnlawyers.com, jevans@hahnlawyers.com;drallis@ecf.courtdrive.com

Kenneth N Russak on behalf of Debtor Adli Law Group P.C. krussak@knrlaw.com, krussak@russaklaw.com

Dave Shenian on behalf of Interested Party Courtesy NEF dshenian@clarkhill.com, cfalls@clarkhill.com;daguilar@clarkhill.com;SRoberts@srobertslawfirm.com;jearle@clarkhill.com

Gerald N Sims on behalf of Interested Party Courtesy NEF jerrys@psdslaw.com, bonniec@psdslaw.com

Gerald N Sims on behalf of Interested Party Steven and Theresa Hellings jerrys@psdslaw.com, bonniec@psdslaw.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Christopher K.S. Wong on behalf of Interested Party Courtesy NEF  christopher.wong@arentfox.com, yvonne.li@arentfox.com

Joshua del Castillo on behalf of Interested Party Courtesy NEF jdelcastillo@allenmatkins.com