HAHN & HAHN LLP
DEAN G. RALLIS JR., State Bar No. 94266
E-Mail: drallis@hahnlawyers.com
301 E. COLORADO BLVD., NINTH FLOOR
PASADENA, CALIFORNIA 91101-1977
Telephone: (626) 796-9123
Facsimile: (626) 449-7357

Attorneys for ADLI LAW GROUP P.C., Debtor

GREGORY K. JONES, State Bar No. 181072
E-Mail: gjones@stradlinglaw.com
10100 Santa Monica Blvd, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 214-7044
Facsimile: (310) 214-7010

Subchapter V Trustee

**FILED & ENTERED**

**DEC 28 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ADLI LAW GROUP P.C.,<br><br>Debtor. | Case No. 2:21-bk-18572-BB<br><br>Chapter 11 (Subchapter V)<br><br>**ORDER AUTHORIZING TRUSTEE AND DEBTOR TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT AND TO PROVIDE ADEQUATE PROTECTION**<br><br>**Hearing Date**<br>Date:    December 21, 2022<br>Time:    10:00 a.m.<br>Place:   255 E. Temple Street<br>         Los Angeles, CA  90012<br><br>Hon. Sheri Bluebond |

The Court has considered the "Joint Motion of Debtor and Subchapter V Trustee for Authority to Enter into Insurance Premium Finance Agreement and to Provide Adequate Protection" [Dkt. #304] (the "Motion") by which Adli Law Group, P.C., chapter 11 debtor

DGR\37431.00003\3568762.1

("Debtor") and Gregory K. Jones, the Subchapter V trustee ("Trustee") seek the Court's approval of and authorization to execute the Insurance Premium Finance Agreement (the "Premium Finance Agreement"), a copy of which is attached to the Motion as Exhibit A, and to provide adequate protection of the interests of FIRST Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A. ("FIRST") in the bankruptcy case and, it appearing to the Court that the operative facts as presented in the Motion and supporting declarations, and those appearing in the Motion, warrant approval of the Motion, and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is granted.

2. Debtor and the Trustee are authorized and directed to:

   a. enter into the Premium Finance Agreement attached to the Motion as **Exhibit A**;

   b. grant FIRST or its successor or assigns a first priority lien on and security interest in the Policy[1], including in the unearned premiums and other collateral (collectively, the "Collateral"), as described in the Premium Finance Agreement; and

   c. timely make all payments due under the Premium Finance Agreement. FIRST is authorized to receive and apply such payments to the Indebtedness owed by Debtor to FIRST as provided in the Premium Finance Agreement.

3. Without limitation, the liens, security interests and rights in the Collateral granted under the Premium Finance Agreement: (i) are senior to (a) the liens of any lender providing DIP or cash collateral financing in this Case, and (b) to any claims under 11 U.S.C. §§ 503, 506(c) or 507(b); and (ii) shall not be subject to avoidance, priming or surcharge by any party in interest. Pursuant to the Premium Finance Agreement, the Debtor irrevocably appoints FIRST as its

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion or Premium Finance Agreement, as applicable.

2

attorney-in-fact in the event of default to cancel any financed insurance Policy and collect the Collateral, as described infra.

4.  If additional premiums become due to insurance companies under the Policy financed under the Premium Finance Agreement, Debtor and FIRST or its successor or assigns are authorized to modify the Premium Finance Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

5.  In the event Debtor does not make any of the payments under the Premium Finance Agreement as they become due, the automatic stay shall be automatically modified to enable FIRST and/or third parties (without further order of this Court), including insurance companies providing the protection under the Policy, to take all steps necessary and appropriate to cancel the Policy, collect the Collateral and apply such Collateral to the Indebtedness owed to FIRST by Debtor.

6.  FIRST, or any third party, including insurance companies providing the coverage under the Policy, exercising such rights shall comply with the notice provisions and other provisions of the Premium Finance Agreement.

7.  The Premium Finance Agreement and the liens and security interests in the unearned premiums granted pursuant hereto shall continue in full force and effect and Indebtedness due under the Premium Finance Agreement shall remain due and owing notwithstanding:  (i) the dismissal or closure of this Case, (ii) the discharge of the Debtor, or (iii) the confirmation of a plan of reorganization.

8.  To the extent that any audits need to be performed by any carrier on the Policy, the Debtor or the Trustee shall reasonably cooperate.

9. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

###

Date: December 28, 2022

Sheri Bluebond
United States Bankruptcy Judge